**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62166-CIV-DAMIAN**

**JERSON JOSE MENDOZA GUERRERO,**

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** *et al.*,

Respondents.
________________________________________/

**ORDER DISMISSING WITHOUT PREJUDICE PETITION**

**THIS CAUSE** is before the Court on Petitioner, Jerson Jose Mendoza's ("Petitioner"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") [ECF No. 1], filed on August 6, 2026, Respondents' Response to Order to Show Cause [ECF No. 5], filed on August 17, 2026, Petitioner's Reply [ECF No. 6], also filed on August 17, 2026, and Respondents' Notice of Bond Hearing ("Notice") [ECF No. 7], filed on August 18, 2026.

THE COURT has reviewed the Petition, the Response, the Notice, and the record in this case and is otherwise fully advised.

Petitioner asserts a due process challenge to his arrest and detention by immigration officials alleging, in relevant part, that his continued custody is unlawful, arbitrary, and contrary to the United States Constitution. Petitioner requests release from immigration detention and that Respondents afford him a bond hearing. *See generally* Pet. In the Response, Respondents state that, *inter alia*, on August 17, 2026, they filed an I-261 that amended "Petitioner's charges from 'arriving alien' to an 'alien who arrived without

inspection,' thus making Petitioner bond-eligible under the Eleventh Circuit Court of Appeals' recent decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 175 F.4th 1258, 1261 (11th Cir. 2026)." Resp. at 1-2. Respondents do not oppose Petitioner's request for a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and have scheduled a bond hearing for August 19, 2026. *See* Notice.

A writ of habeas corpus may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

However, this Court's habeas jurisdiction is subject to Article III of the United States Constitution, which limits federal courts to resolving actual, ongoing controversies. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336 (citation omitted).

Here, because Respondents have indicated that they do not oppose the relief requested in the Petition and that they have taken steps to assure that Petitioner is afforded an individualized bond hearing, *see* Notice, there does not appear to be any active controversy upon which this Court may assert its jurisdiction. Accordingly, it is

**ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE** for mootness. It is further

**ORDERED** that on or before **August 28, 2026**, the Parties shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only*. Petitioner may move to reopen this case if Respondents do not provide Petitioner an individualized bond hearing.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 19th day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**